# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MELISSA TITUS,      :

    Plaintiff,    :  Civil Action No. 3:10cv469

 vs.

            :

VERIZON WIRELESS, *et al.,*  :  Judge Walter H. Rice
              Magistrate Judge Michael J. Newman

    Defendants.   :

---

## ORDER REGARDING DOCUMENTS 34 & 35

This matter is before the Court following extensive oral argument, by counsel for both sides – in Court and on the record – on January 18, 2012.

At the outset, the Court notes its familiarity with the discovery disputes between these parties, as well as the claims giving rise to this case, given the Court's involvement in the discovery proceedings over the past few months. As noted in the December 16, 2011 Order partially granting Plaintiff's first motion to compel (doc. 28), the Court heard oral arguments regarding the parties' discovery disputes on three separate occasions between November 15 and December 15, 2011. In that Order, the Court extended the discovery cut-off date from December 16, 2011 to January 17, 2012, and compelled Defendants to respond to a number of document requests and interrogatories. *Id.* On December 22, 2011, the Court conducted a telephone conference between the parties and issued an Order giving Defendants additional time to comply with its prior Orders. (Doc. 32).

On January 18, 2011, the Court heard oral argument on two motions filed by Plaintiff the previous day: (1) Plaintiff's motion to extend the discovery cutoff date from January 17, 2012 to February 2, 2012 (doc. 34); and Plaintiff's second motion to compel discovery and for sanctions

(doc. 35).

## I.

In the second motion to compel, Plaintiff's counsel claims that Defendants failed to produce all of the documents referenced in the Court's December 16th Order.  Counsel represented to the Court that Defendants had not produced information indicating the bonus or commission structures they utilized during the time period here at issue – information ordered by the Court to be produced in response to Interrogatory No. 7.  *See* PageID 560.  Counsel also alleged that he had concerns regarding the production of signed and unsigned TVP scorecards, as well as signed and unsigned PIPs, all of which were ordered to be produced in response to Plaintiff's Interrogatory numbers 3 and 4.  See PageID 559, 564.  Counsel also complained about the format in which Defendants produced information pursuant to the Court's December 16th Order – for instance, Plaintiff identified several spreadsheets that, when printed, had a small and difficult to read font.  Counsel additionally alleged that some documents produced by Defendants were improperly redacted, while other documents were improperly claimed by Defendants to be privileged.  Finally, counsel contended that an email he sent on January 12, 2012 – in which he outlined numerous discovery concerns – was never responded to by Defendants' counsel.

Having carefully considered Plaintiff's written and oral allegations, the documents shown to the Court by Plaintiff (as exhibits attached to the motion to compel and during oral argument), as well as  the representations made by both sides during their respective arguments, and for good cause shown, the Court **ORDERS** as follows:

1.    Defendants are **ORDERED** to produce to Plaintiff – in electronic format and on or

before **January 27, 2012 –** the spreadsheets they created for purposes of responding to Plaintiff's discovery requests and which were previously produced in paper format (*e.g.,* the spreadsheets regarding promotions, RSRs, and PIPs). (The Court notes that those spreadsheets were originally produced in a paper format, at the request of Plaintiff's counsel, because counsel could not open the documents on his computer.) If possible, the electronic files should be emailed to Plaintiff's counsel. Defendants are also to produce those files on a CD or DVD to Plaintiff, which should be sent via regular mail once the emailed files have been sent. If the files are too large to be emailed, Defendants need only provide a CD or DVD to Plaintiff.

2.      The Court notes that several documents were presented during oral argument that did not contain Bates numbers. To avoid confusion amongst the parties, Defendants are **ORDERED** to assign an identifying Bates number to any document they have produced thus far that has not been so numbered. All documents produced pursuant to this Order shall be Bates numbered.

3.      Defendants' counsel represented to the Court that they have used their best efforts to comply with the Court's December 16th Order, and that any deficiency in their production is attributable to documents either not existing or no longer in Defendants' possession -- and not because they are being deliberately withheld. The Court **ORDERS** Defendants to produce a sworn affidavit by **January 27, 2012** that addresses whether they have produced all of the documents that the Court has ordered to be produced (including, but not limited to all PIPs and TVP Scorecards that are still in existence). Defendants are further **ORDERED** to produce any responsive documents that may have been overlooked, inadvertently claimed as privileged, or withheld for any other reason no later than **January 27, 2012**. In addition, all parties are reminded of their continuing obligation to supplement discovery and disclosure responses pursuant to Federal Rule of Civil Procedure 26(e),

as well as their obligation to correct any errors/omissions in answering discovery under the same rule.

4.      Defendants' counsel represented to the Court that they did not receive the email from Plaintiff's counsel sent on January 12, 2012 at 1:41a.m.  (PageID 625-29).  Defendants are **ORDERED** to review this lengthy email and answer Plaintiff's questions referenced therein to the extent necessary and consistent with this Order.  Specifically, in regard to this email, the Court **ORDERS** as follows:

A.      Regarding the issue of compensation, Plaintiff has alleged that bonus and commission information has not been produced.  If Defendants have produced this information, they must inform Plaintiff of the Bates range where it appears.  If it has not yet been produced, Defendants must do so no later than **January 27, 2012**;

B.      Regarding the issue of PIPs, Defendants represented to the Court that all PIPs in their possession have been produced.  If any PIPs responsive to Plaintiff's discovery requests have not yet been produced, Defendants must do so no later than **January 27, 2012**.  The Court notes that the concerns Plaintiff's counsel has regarding PIPs – *i.e.,* being signed versus unsigned; PIP eligibility of individual employees; the legitimacy of signatures appearing on PIPs; the number of PIPs issued in certain years being greater than other years; and/or certain employees being "PIPed," "PIP eligible," or "not PIPed" – are better suited for deposition, and not the subject of a motion to compel;

C.      Regarding the issue of TVP score cards, Defendants' counsel represented to the Court that all TVP score cards in their possession have been produced.  If any TVP score cards responsive to Plaintiff's discovery requests have not yet been produced, Defendants must do so no later than **January 27, 2012**.  Defendants shall also identify Bates number ranges for any TVP scorecards produced  from 2008-09.

D.      With respect to Plaintiff's claim that some produced documents are difficult to read, Defendants' counsel explained that documents were faxed to counsel and other copies were maintained in this manner in the regular course of business.  If there are specific documents that are unreadable, the parties shall use their best efforts to communicate amongst themselves to identify those documents, and Defendants shall use their best efforts to locate a readable copy if one exists;

E.      Defendants are to identify Bates number ranges for the "Beavercreek coaching binder" identified during depositions.  If the binder has not yet been produced,

4

Defendants must do so no later than **January 27, 2012**; and

F.  Defendants' production of the mailing addresses of its current and former employees is deemed sufficient;

As for the remainder of the issues raised in Plaintiff's email, the Court notes that Plaintiff makes a number of points that do not deal with the issue of whether or not documents have been produced, and poses questions that are better suited for a deposition.  To the extent Plaintiff insists that certain documents not produced simply must exist, the Court expects Defendants' sworn affidavit (as ordered *supra*) to address the extent of their compliance with the December 16th Order. If Plaintiff has legitimate, reasonable questions about Bates ranges for categories of documents Defendants have produced (*e.g.,* Bates numbers for the 2008-09 TVP scorecards or Bates numbers for the "Beavercreek coaching binder"), Defendants are expected to work with Plaintiff and provide that information.  The Court expects counsel for both sides to work together to resolve any remaining discovery issues in a professional, collegial manner.

## II.

Based upon the foregoing, Plaintiff's second motion to compel discovery is **GRANTED IN PART AND DENIED IN PART.**

The Court **GRANTS** Plaintiff's motion for an extension of discovery, and **EXTENDS** the discovery cut-off date to **February 2, 2012**.

The arguments before the Court made clear that Defendants have undertaken extensive efforts, in good faith, to comply with the Court's December 16th Order.  The Court finds no reason to consider an award of sanctions here, and **DENIES** Plaintiff's request for sanctions.

Recognizing that counsel for both sides are experienced litigators, the Court **ORDERS** counsel to work together, cooperatively and in a professional, collegial manner, to complete

5

discovery on or before February 2nd.

**IT IS SO ORDERED.**

January 20, 2012                                    s/ **Michael J. Newman**
                                                            United States Magistrate Judge