# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MELISSA TITUS,                                  :

      Plaintiff,                            :        Civil Action No. 3:10-cv-469

vs.

                                                  :

VERIZON WIRELESS, *et al.,*                      :        Judge Walter H. Rice
                                                           Magistrate Judge Michael J. Newman

      Defendants.                           :

## ORDER

### I.

This matter is before the Court on Plaintiff's Third Motion to Compel Discovery and For Sanctions. Doc. 44. Plaintiff's motion was filed on the morning of February 9, 2012 -- the date of the discovery cut-off **and** the dispositive motions deadline. *See* doc. 42. On the afternoon of February 9, 2012, the Court heard oral arguments on Plaintiff's motion. Counsel for the parties appeared by telephone, and the proceedings lasted approximately twenty minutes.

Plaintiff's primary argument is that she has been deprived the "total compensation information" for all employees that Defendants have promoted from December 2007 through December 2011. During oral argument, Plaintiff represented to the Court that although Defendants had produced salary information and information regarding the commission formulas applicable to all employees, they had not produced the actual commissions paid out to each of the employees -- *i.e.*, the W-2 earnings for each employee. Defendants, nevertheless, maintain that they have complied with the Court's previous Orders by producing salaries for the promoted employees, as

well as the "commission structure" for each employee as specifically requested by Plaintiff in Interrogatory No. 7. Defendants argue that Plaintiff's interrogatories do not request W-2 earnings for each of the promoted employees, and that the Court has not compelled production of W-2 earnings information.

II.

At the outset, the Court notes that it is troubled by Plaintiff's motion being filed on the morning of the discovery cut-off and dispositive motions deadline. On January 20, 2012, the Court ordered Defendants to produce by January 27, 2012 any information regarding compensation that the Court had specifically ordered be produced. *See* doc. 38. Plaintiff waited thirteen days to file this motion to compel, which alleges not only that Defendants' production was deficient, but also that the information being withheld is critical to her damages calculation. Given the lengthy history of discovery disputes in this case, the alleged importance of the information Plaintiff claims is being withheld, and the looming discovery cut-off, one would naturally expect that any motion to compel would have been filed on January 28th, or shortly thereafter.

Furthermore, although Plaintiff attached in support of her motion one email chain between counsel from February 7-8th, it appears that the requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.1 -- to exhaust extrajudicial means to settle this dispute prior to the filing of the motion to compel -- have not been met. Even if the Court were to completely set these concerns aside, Plaintiff's motion nevertheless warrants denial on the merits.

After considering the arguments raised in Plaintiff's motion, as well as the arguments raised orally by both parties, the Court is satisfied that Defendants have sufficiently answered the precise discovery requests as they were phrased by Plaintiff and ordered by the Court. Since the time of the

Court's ruling on her first motion to compel, Plaintiff has had ample opportunity to submit additional, specific interrogatories and discovery requests.  Moreover, the Court extended the discovery cut-off date on multiple occasions to give the parties sufficient time to conduct additional depositions and ask pointed questions.  The Court finds Plaintiff's arguments to be without merit, and finds her allegations -- that Defendants have not complied with the Court's previous production Orders -- to be unfounded.

Based upon the foregoing, Plaintiff's Third Motion to Compel Discovery and For Sanctions, doc. 44, is **DENIED**.

**IT IS SO ORDERED.**

February 9, 2012                                                    s/ **Michael J. Newman**
                                                                                United States Magistrate Judge